Bodine *v.* Gray.

---

Bodine *vs.* Gray and wife and others.

1. When, by the terms of a mortgage, it has become due, by default in the payment of interest, before suit commenced, it is not necessary that the bill should formally allege that the principal was due. An allegation that no principal or interest has been paid is sufficient.

2. The transaction sought to be construed as a loan, was an actual sale of the bonds. But if a loan, the answer sets up no corrupt agreement, nor any agreement in regard to interest or bonus.

On final hearing, on pleadings and proofs.

*Mr. C. T. Reed,* for complainant.

*Mr. F. Voorhees,* for defendants, Boals and wife.

THE CHANCELLOR.

The bill is filed for the foreclosure and sale of certain mortgaged premises in the city of Camden. The mortgage in suit was given by the defendants, Gray and wife, to the complainant. The mortgagors subsequently conveyed the premises to Mrs. Boals, by whom they were owned at the time of the filing of the bill. The answer sets up two defences : that the money secured to be paid by the mortgage was not due when the bill was filed ; and usury. The mortgage is dated December 29th, 1870. The condition of the bond, the payment of which it was made to secure, is for the payment of $6330, in one year from that date, with interest thereon, payable semi-annually ; and if default be made in the payment of interest for thirty days after the same should become due and owing, then the entire principal to fall due.

The bill was filed August 29th, 1871, eight months after the date of the mortgage. It states that no principal or interest has been paid on the mortgage. The principal had, by the terms of the mortgage, then, from the non-payment of the interst for thirty days after it fell due, become payable when this suit was commenced. It was not necessary to state, formally, a conclusion so obvious and undeniable, from the facts set forth in the bill.

As to the second branch of the defence. The answer alleges that the transaction between the complainant and Gray was as follows : The latter applied to the former for a loan, and it was agreed between them that the complainant would " fur-

nish" Gray with $7000 in certain coupon bonds, which were then selling, and worth in the market about ninety cents to the dollar, amounting, in the aggregate, to $6300; and for the last mentioned sum, and $30 additional for necessary expenses, Gray was to give him the bond and mortgage in the bill mentioned, which was executed and delivered accordingly; that after the execution and delivery thereof to the complainant, Gray demanded of him the bonds, or the proceeds of the sale thereof, and thereupon the complainant, through his agent, produced the bonds, but had cut and removed therefrom the interest, gold bearing coupons, representing all the interest to fall due on the bonds for years to come, and that, by means thereof, the bonds were so reduced in value, that they would not bring over seventy cents on the dollar; that Gray being unwilling, for that reason, to take the bonds, thereupon demanded the return of his bond and mortgage, which was refused, and he then sold the bonds in the market, and obtained $5083.75 for them, which, the answer states, was the highest price he could get. The answer alleges, that the coupons were retained as bonus for the accommodation, and claims the benefit of the supplement of 1864, to the act against usury.

In the first place, the evidence shows, very clearly, that the transaction between the complainant and Gray, in which the bond and mortgage were given, was a sale of seven Union Pacific Railroad bonds, of $1000 each, at ninety cents on the dollar for six of them, and ninety-three for the other; the complainant to have the interest due on January 1st, 1871. Indeed, the transaction set forth in the answer was a sale. The answer complains only of the retention of the coupons contrary to agreement.

The statement on which the claim of the benefit of the statute above alluded to is based, is not only not sustained by the proof, but is wholly disproved. The coupons for the interest, due January 1st, 1871, were off the bonds when they were delivered, but all the coupons for interest thereafter to accrue, were on. The bond and mortgage are dated Decem-

ber 29th, 1870, three days before the January interest fell due. Were the transaction proved as set forth in the answer, the defendant, Mrs. Boals, would be entitled to an allowance, in respect of the coupons improperly taken from the bonds, but, according to the answer itself, the transaction was not usurious. The answer neither alleges nor sets up any corrupt agreement whatever, nor any agreement in regard to interest or bonus.

There will be a decree for the complainant, for the amount due on the mortgage, according to its terms. There is no need of a reference.